MERDZINSKI *v.* MODDERMAN.

VENDOR AND PURCHASER—AMOUNT DUE—DIRECTED VERDICT.
In action for amount due on land contract, directed verdict for plaintiff, *held,* justified, on record.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 18, 1933. (Docket No. 93, Calendar No. 37,155.) Decided May 16, 1933.

Assumpsit by Stanley Merdzinski against John Modderman for amount due on a land contract. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Sigmund S. Zamierowski,* for plaintiff.

*Cornelius Hoffius* (*Russell Van Kovering,* of counsel), for defendant.

POTTER, J.    Plaintiff sued defendant in assumpsit on a land contract to recover the amount due there-

on, claimed to be $1,546.48. From a judgment for plaintiff, by direction of the court, defendant appeals. Appellant claims there was evidence to go to the jury on the question; that the contract was surrendered by act or operation of law, through the mutual abandonment or rescission and subsequent conduct of the parties inconsistent with its existence, showing performance of an oral agreement to abandon or rescind the contract.

One Hojnacki was building a house on a lot near the city of Grand Rapids. Defendant did the work of excavating and the concrete work. He was not paid by Hojnacki, and filed a claim of lien on the house and lot for the amount alleged to be due, $750. Plaintiff did the plumbing in the house Hojnacki was building, and in 1927 took over the house, together with several vacant lots from Hojnacki, who had become financially involved. Defendant did some extra work. Plaintiff paid him $397, and defendant took a land contract on one of the vacant lots from plaintiff, and $500, the balance due him, was credited on the land contract as a down payment. It was the idea of the parties defendant could sell the lot and perhaps get his money out. The lot did not readily sell, at least it was not sold, and defendant was unable to realize his money from its sale as he expected. He neglected to make further payments on the land contract, and failed to pay the taxes on the lot. Defendant claimed he surrendered the contract. It was not physically delivered to plaintiff, tendered to him, or surrendered in writing. There was no conveyance or tender of conveyance of the interest of defendant under the contract to plaintiff in writing, as provided by 3 Comp. Laws 1929, § 13411. The defendant did not know it was

necessary. It is claimed, however, that the contract was surrendered by act or operation of law. Operation of law, as defined in 46 C. J. p. 1114, is:

"The obligation of law; its practical working and effect; a term applied to indicate the manner in which a party acquires rights without any act of his own."

And Bouvier defines it in the same way, adding illustrative examples. Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 2417. Defendant also claimed in defense the contract, instead of evidencing a sale of the lot, was given to secure the payment of the $500 owed defendant. No attempt was made to enforce it as such, and on the trial he testified, substantially, that he foolishly bought the vacant lot, on land contract, in good faith, with the idea that if he sold it he would get his money; that he was unable to sell it; that he subsequently tried to get plaintiff to pay him something and take the lot back, but plaintiff refused to do so. Defendant indicated by his testimony he bought the lot on contract and did not take the land contract as security for the repayment of the $500 which was due him at the time the contract was made.

We find no reason to set aside the judgment of the trial court, which is affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.