# Order

Michigan Supreme Court
Lansing, Michigan

February 8, 2013

145825-6

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack,
Justices

CYNTHIA NEAL VITTIGLIO,
          Plaintiff-Appellant,

v

THOMAS ANTHONY VITTIGLIO,
          Defendant-Appellee.

SC: 145825-6
COA: 303724; 304823
Oakland CC: 2010-774722-DO

_____/

On order of the Court, the application for leave to appeal the July 31, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Although I concur in the order, I write separately because I believe the Court of Appeals reached the right result for the wrong reasons in its published opinion. In particular, I believe the Court of Appeals incorrectly concluded that settlements regarding marital property distributions constitute "domestic relations cases" for purposes of MCR 3.216, because only cases "as to child custody, parenting time, child support, or spousal support," as set forth in MCL 552.502(m), constitute "domestic relations cases" for purposes of this rule. Moreover, the Court of Appeals incorrectly concluded in the alternative that the settlement was exempt from the statute of frauds, MCL 566.106 and MCL 566.108, because the settlement occurred "by act or operation of law." However, the settlement did not occur by "act" because neither MCR 3.216 nor any act of the Legislature allows such a settlement, and it did not occur by "operation of law" because this Court has long understood "operation of law" to indicate "the manner in which a party acquires rights without any act of his own." *Merdzinski v Modderman*, 263 Mich 173, 175 (1933) (citation and quotation marks omitted). Plaintiff clearly acted in an affirmative and voluntary manner in reaching a settlement with defendant. Notwithstanding what I believe are the foregoing defects in the Court of Appeals' analysis, it is ultimately correct that plaintiff is bound by the settlement for three reasons:

(1) plaintiff waived any objection to the mediation by expressly agreeing to the mediation through her counsel's signature on the January 11, 2011 order requiring the parties to go to mediation and then failing to timely object to the mediation under MCR 3.216(D); (2) plaintiff affirmed to the mediator that his recorded summary of the parties' agreement was accurate, and she agreed to the recited terms as a full and final binding settlement of the case; and (3) defendant gave plaintiff a check for $1.2 million in reliance on the settlement agreement, which was sufficient partial performance to take the oral settlement out of the statute of frauds and render it enforceable. See *Giordano v Markovitz*, 209 Mich App 676, 679 (1995).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 8, 2013

_____
Clerk

p0205